IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE PACIFIC GAS AND ELECTRIC COMPANY,

    Debtor,

No. C 09-05666 JSW

**ORDER REGARDING BANKRUPTCY APPEAL**

 Now before the Court is the appeal filed by appellants the City of Santa Clara, d/b/a "Silicon Valley Power" ("SVP") of the order by the bankruptcy court dated October 29, 2009 disallowing "Claim A" for $3,241,097.53. Pursuant to Civil Local Rule 16-4, the Court deems this case submitted on the papers without oral argument. Having carefully reviewed the administrative record and considered the parties' papers, their arguments and the relevant legal authority, and good cause appearing, the Court hereby AFFIRMS the bankruptcy court's order.

 District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. On appeal, a district court must review a bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *see also Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 783 (9th Cir. 2007). The test for clear error is not whether the appellate court would make the same findings, but whether the reviewing court, based on all of the evidence, has a definite and firm conviction that a mistake has been made. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A reviewing court may not overturn a

1 decision, even if it would have weighed in the evidence in a different manner, so long as the
2 trial court's view of the evidence is plausible in light of the entire record. *Id.* at 573-74. In
3 applying the clearly erroneous standard, the appellate court views the evidence in the light most
4 favorable to the party who prevailed below. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253
5 (9th Cir. 1991).

At issue in this appeal is whether the bankruptcy court erred when it determined that the sale of power in December of 2000 was not from SVP to Pacific Gas and Electric Company ("PG&E") in accordance with Paragraph 4.1 of the parties' 1983 Interconnection through PG&E as scheduling coordinator. The bankruptcy court reviewed and heard voluminous evidence on this issue and, based on the facts presented to it, found that SVP had not demonstrated that there was a meeting of the minds between SVP and PG&E that the sale of power in December of 2000 was made pursuant to Paragraph 4.1 of the parties' 1983 Interconnection Agreement. The bankruptcy court noted the inconsistencies in the record regarding what the parties believed at the time of the transactions and that the evidence was insufficient to establish that SVP and PG&E were acting pursuant to Paragraph 4.1 of their existing agreement. Upon review of the record, the Court cannot find that the bankruptcy court's determinations were clearly erroneous. Therefore, the Court affirms the bankruptcy court's ruling on this claim.

**CONCLUSION**

For the foregoing reasons, the order entered by the bankruptcy court in favor of the PG&E and against SVP is HEREBY AFFIRMED.

**IT IS SO ORDERED.**

Dated: September 30, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2